JOSEPH DiSTEFANO, trustee, *vs.* COUNTY COMMISSIONERS OF ESSEX COUNTY & others. No. 92-P-1660. October 26, 1994. *Jury and Jurors. Constitutional Law,* Jury. *Evidence,* Expert opinion.

1. Although G. L. c. 234A calls, in § 3, as inserted by St. 1982, c. 298, § 1, for juries to "be selected at random from the population of the judicial district [normally a county] in which they reside," § 21, as inserted by St. 1982, c. 298, § 1, specifically requires the jury commissioner to include on the juror confirmation form "a place where the juror may make or acknowledge a declaration that hardship would be imposed upon him if he were required to serve at the court location to which he was summoned [and to] . . . designate a more convenient jury-trial location within the judicial district." The result of that privilege, in practice, was to skew the Lawrence jury pool in this case geographically, so that twenty-seven of the thirty-six jurors were residents of four communities (Andover, Lawrence, Methuen, North Andover) that together contain only twenty-four percent of the population of Essex County. This did not violate the statute, nor did it violate art. 12 of the Declaration of Rights of the Massachusetts Constitution, where there was neither a suggestion of intentional discrimination, *Commonwealth* v. *Bastarache,* 382 Mass. 86, 100 (1980), nor a suggestion that a jury chosen at random from the four overrepresented communities would differ in background or outlook from a jury chosen at random from all of Essex County. Moreover, residents of Essex County not from the four communities were, in fact, represented in considerable numbers in the jury pool, *ibid.,* and the record shows the four overrepresented communities to have had, in 1989, in the aggregate, more than twice the population of all of Franklin County at the time of the *Bastarache* decision.

2. Apart from the expected expert (Taubert) testimony that did not materialize, there was other evidence, such as the testimony of the then county engineer and the expert Finegan's own observations, supplying a basis for the assumption of the Finegan opinion that the downstream pipes were flowing full in the January, 1979, floods. In any event, the plaintiff did not move to strike the Finegan testimony, see *Peterson, petitioner,* 354 Mass. 110, 115 (1968).

3. The judge could believe the affidavit of Attorney Salamido over that of Taubert. There was no error in denying the motion for a new trial.

*Judgment affirmed.*

*Order denying motion for a new trial affirmed.*

*Nicholas J. Decoulos* for the plaintiff.
*Daniel R. Deutsch* for the defendants.